



**FILED**
**Aug 13, 2018**
**07:20 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Julie Demotte | ) | Docket No.   2017-06-1778 |
| | ) | |
| v. | ) | State File No. 89793-2016 |
| | ) | |
| United Parcel Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Affirmed in Part, Reversed in Part, and Remanded**
**Filed August 13, 2018**

---

The employee, a package handler, suffered injuries to her left hip arising primarily out of and occurring in the course and scope of her employment. The employer accepted the claim as compensable and provided medical and temporary disability benefits. At trial, the employee attempted to introduce evidence of a permanent medical impairment through a Form C-30A Final Medical Report ("Form C-30A") established by the Tennessee Bureau of Workers' Compensation ("Bureau"), which was signed by the treating physician. The employer objected, contending the document did not comply with the statute authorizing direct testimony from a physician through a form established by the Bureau for introducing such testimony. The trial court sustained the objection, concluding the impairment rating in the Form C-30A was not admissible and the employee failed to present admissible evidence of the extent of her permanent disability. The trial court awarded ongoing future medical benefits but declined to award permanent disability benefits or additional temporary disability benefits. The employee has appealed. Having carefully reviewed the record, we reverse the trial court's denial of permanent disability benefits and remand the case for a determination of the permanent disability benefits owed to the employee.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Zachary D. Wiley, Nashville, Tennessee, for the employee-appellant, Julie Demotte

David T. Hooper, Brentwood, Tennessee, for the employer-appellee, United Parcel Service, Inc.

**Factual and Procedural Background**

The parties stipulated to the facts forming the basis of this claim. Julie Demotte ("Employee") worked as a small package handler for United Parcel Service, Inc. ("Employer"). On November 15, 2016, while in the process of retrieving a package from a conveyer line, she fell and suffered an injury to her left hip. She was transported to Skyline Medical Center in Nashville, Tennessee where she was diagnosed with a hip fracture and underwent surgery to repair her hip the same day. Employer accepted the claim as compensable, paid for the medical treatment, and paid temporary disability benefits.[1]

At Employee's request, her authorized physician returned her to work with no restrictions. However, Employee testified that after four days of work she concluded she could no longer perform her job duties, and she resigned. Ultimately, Employee's physician determined she had reached maximum medical improvement, and the physician completed a Form C-30A established by the Bureau that indicated Employee had 3% impairment to the whole body according to the Sixth Edition of the American Medical Association Guides to the Evaluation of Medical Impairment.

When the parties were unable to resolve the claim through mediation, a trial was scheduled for March 14, 2018. On February 28, 2018, Employer filed a "Pre-Compensation Hearing Statement" identifying, among other information, the contested issues for trial. The submittal left blank a section for identifying unresolved evidentiary disputes. On the same date, Employee filed a similar statement and a "Witness and Proposed Exhibit List" that identified the Form C-30A as a proposed exhibit to be introduced at trial. On March 1, 2018, Employer filed a "Compensation Hearing Brief" and in the section of its brief addressing permanent disability benefits stated "[Employee] has been given a permanent disability rating of 3% to the body, *which [Employer] has not contested*." (Emphasis added.) At trial, however, Employer objected to the admissibility of the Form C-30A "to the extent that it will be offered in evidence to substantiate [Employee's] permanent medical impairment," asserting the document did not comply with Tennessee Code Annotated section 50-6-235(c)(1) (2017). The trial court agreed with Employer, stating the Form C-30A "is not admissible at this point in trial to prove the impairment rating that [Employee] has as a result of this injury, so I am going to exclude that record for that purpose." The trial court concluded that Employee "had the duty to present her case through admissible evidence and failed to do so."

In denying permanent disability benefits, the trial court stated in its order that "the Court reviewed the scheduling order and noticed it contained no deadlines regarding

---

[1] Although Employee disputed that Employer paid all of the temporary disability benefits she was entitled to receive, Employee has not appealed the trial court's decision denying additional temporary disability benefits. Thus, we need not address those benefits.

expert witnesses." Apparently for that reason, "[t]he Court then reviewed the recording from the [scheduling] hearing to determine why the order omitted these deadlines." In its order denying permanent disability benefits, the trial court included the following portion of its dialogue with Employer's attorney at the scheduling hearing that addressed permanent disability benefits.

> Court: So there is a dispute over that? There's a three-percent and a one— is there an agreement on the rating?
>
> Employer's counsel: There is.
>
> Court: Okay, okay, so then the issue is whether there [are] additional benefits that she's entitled to?
>
> Counsel: Right, well there's a, well it actually is skewed a bit because of the, of um, of the overpayment of temporary disability benefits.
>
> Court: Okay, okay. I've gotcha, I've gotcha.
>
> Counsel: *But there is no dispute about the three-percent rating.*

(Emphasis added.) During the scheduling hearing, the parties agreed that, in light of the issues identified for trial, there was no need to set deadlines for completing expert medical proof.

Nonetheless, the trial court perceived the dispute concerning permanent disability benefits to be centered on the admissibility of the Form C-30A as proof of Employee's impairment rating. Concluding the form was inadmissible to prove the impairment rating, the trial court ordered that Employer provide ongoing medical benefits, but denied Employee's claim for permanent disability benefits and for additional temporary disability benefits. Employee has appealed the trial court's denial of permanent disability benefits.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at

3

*6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

**Analysis**

Employee raises two issues on appeal: (1) whether the Form C-30A is an admissible medical record pursuant to the regulations adopted by the Bureau; and (2) whether the Bureau's Form C-32 Standard Form Medical Report for Industrial Injuries ("Form C-32") is the only written form contemplated by Tennessee Code Annotated section 50-6-235(c)(1) for introducing direct testimony from a treating or examining physician. However, we find the determinative issue to be whether Employer's representations to the trial court indicating there was an agreement as to Employee's 3% whole body impairment rating were sufficient for the trial court to award permanent disability benefits. We conclude they were.

As noted in the order being appealed, Employer acknowledged at the scheduling hearing that there was an agreement as to the impairment rating, and the trial court accordingly did not set deadlines for the parties to obtain expert proof. Specifically, Employer represented to the court during the scheduling hearing that there was an agreement on the rating and that "*there is no dispute about the three-percent rating*." (Emphasis added.) Furthermore, two weeks prior to trial, following Employee's submittal of his proposed exhibit list that included the Form C-30A documenting the 3% impairment rating, Employer filed its "Compensation Hearing Brief," which it asserted supported "the positions [Employer] will take at the Compensation Hearing." Included in Employer's brief, in a section styled "Permanent Disability Benefits," was its statement that Employee "has been given a permanent disability rating of 3% to the body, *which [Employer] has not contested*." (Emphasis added.)

"Parties are bound by the oral statements and agreements made by their attorneys in open court." *Prater v. Louisville & N. R. Co.*, 462 S.W.2d 514, 519 (Tenn. Ct. App. 1970). *See also Madu v. Madu*, No. M1999-02302-COA-R3-CV, 2000 Tenn. App. LEXIS 708, at *16 (Tenn. Ct. App. Oct. 25, 2000) ("Thus, except for circumstances not at issue here, a lawyer's tactical decisions during the course of litigation are attributable to and binding on his or her client."). As noted by the Tennessee Court of Appeals,

[l]awyers are agents and have *prima facie* authority to speak for their client through pleadings and negotiations. [A] letter from counsel about a matter

4

under his supervision is an admission of an agent within the scope of his authority. . . . [An] admission [is] not conclusive, but subject to explanation or even denial. It [is], however, incumbent upon [the litigant] to explain or contradict this evidence in order to escape its effect. No such effort was made by [the litigant].

*Simmons v. O'Charley's*, 914 S.W.2d 895, 902 (Tenn. Ct. App. 1995) (internal citations omitted).

We conclude the affirmative statements Employer made in open court and in its brief submitted in anticipation of trial concerning the acknowledgment of and lack of dispute as to Employee's 3% impairment rating obviated the need for Employee to present expert medical proof on that issue. Thus, in light of these circumstances, it was error for the trial court to decline to award permanent disability benefits based upon Employee's unrefuted impairment rating.

## Conclusion

We reverse the trial court's order to the extent it denied Employee's claim for permanent disability benefits. In all other respects, we affirm the trial court's decision. The case is remanded for a determination of the permanent disability benefits to which Employee may be entitled based upon the 3% impairment rating.



**FILED**
**Aug 13, 2018**
**07:20 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Julie Demotte | ) | Docket No. 2017-06-1778 |
| | ) | |
| v. | ) | State File No. 89793-2016 |
| | ) | |
| United Parcel Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Zachary Wiley | | | | | X | zwiley@forthepeople.com |
| David Hooper | | | | | X | dhooper@hooperzinn.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov